DOWD, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| United States of America, | CASE NO. 4:07 CR 133 |
| Plaintiff, | |
| v. | <u>MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a)</u> |
| Robert Hornbuckle, | |
| Defendant. | |

## I. Introduction

The Court conducted the sentencing hearing of the defendant Robert Hornbuckle. The Court determined that the defendant's total offense level was 25 with a criminal history category of VI calling for a sentencing range under the advisory sentencing guidelines of 110 to 137 months. At the conclusion of the sentencing hearing, the Court determined that it should grant the defendant a downward variation and sentenced the defendant to confinement for a period of 100 months with supervised release for a period of four years.

## II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(4:07 CR 133)

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The defendant was charged in a three-count indictment and entered pleas of guilty to all three counts. The first count charged the defendant with knowingly and intentionally distributing 3.4 grams of crack cocaine on or about May 2, 2006. The second count charged the defendant with distributing five or more grams of cocaine on or about May 10, 2006. The third count charged the defendant with knowingly possessing three separate firearms on or about May 16, 2006, having previously been convicted of two separate felonies in the Mahoning County Common Pleas Court.

The offense conduct is set forth in the presentence report in paragraphs seven through 15, a copy of which is attached hereto as Appendix I.

On June 13, 2007, the defendant provided a statement in support of a downward adjustment for acceptance of responsibility. Said statement is set forth in paragraphs 25 through 34 of the presentence report and as set forth in Appendix II.

The defendant is 46. He has an extensive criminal record as set forth in paragraphs 50 through 99 of the presentence report. In the process he has a total of 14 criminal history points, but as six of the points are for one-point convictions, the total criminal history points total is 12 with an addition of three levels for the reasons set forth in paragraphs of 118 and 119 of the presentence report. Consequently, the defendant is criminal history category VI.

The defendant is the fifth of 11 children born to his parents. The defendant has been married twice and fathered three children by virtue of the two marriages.

2

(4:07 CR 133)

The defendant has fathered eight additional children from five different women. The children range from age 27 to six.

The defendant suffers from high blood pressure and he also takes medicine for his diabetic condition. The defendant complains of an injury to his left shoulder and reports that he has been shot three times, once in the head, once in the chest and once in the stomach. As a result of the gunshot wound to his stomach, part of his stomach has been removed. He also reports a stabbing in the lower abdomen which led to part of his intestines being removed.

The defendant reports a prior history of using marijuana, crack cocaine and alcohol use.

The defendant left school in the tenth grade and apparently did not obtain a GED. The defendant reports that he has been self-employed for the last ten years refurbishing homes. He also had a practice of purchasing cars, fixing any existing mechanical problems and then selling them.

**(2)  The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The defendant appears to be a low-level drug dealer with a lengthy history in dealing in crack cocaine. See paragraph 96 and 102 in the presentence report. Prior sentences requiring incarceration have not caused the defendant to change his pursuit of drug trafficking. However, the Court decided to engage in a downward variation that reduced the defendant's sentence by ten months. The Court so acted after taking into consideration the many dependents of the defendant and in the belief that 100 months of custody has the potential of providing to the defendant the opportunity for increased education, the opportunity to develop a trade if the

(4:07 CR 133)

defendant participates in Prison Industries and otherwise chooses to take responsibility for his many dependents. Against that background, the Court determined a sentence of 100 months should provide just punishment and promote respect for the law. Once again, the Court is faced with sentencing a defendant to a long period of incarceration with obvious negative effects on his ability to support the many children that he has seen fit to bring into this world.

**(B)  to afford adequate deterrence to criminal conduct;**

The likelihood is that few people will know of the defendant's sentence. He comes from Youngstown where criminal conduct appears to be a way of life. Possibly, the defendant's many children and their friends will be deterred from criminal conduct by reason of the defenant's sentence. Time will tell.

**(C)  to protect the public from further crimes of the defendant;**

The defendant is a recidivist. The likelihood that he would be deterred from further criminal conduct is problematical. However, the Court is of the view that a sentence of 100 months provides adequate deterrence to further criminal conduct of the defendant.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant suffers from a long-time history of drug abuse. He will obviously dry out while incarcerated. Whether he will return to a life of drug abuse upon the conclusion of his sentence is questionable. However, the defendant should be given the opportunity to seek assistance with his drug habit while incarcerated. The defendant's history of high blood pressure, diabetes and gunshot wounds indicates that he will need medical care while

(4:07 CR 133)

incarcerated. Those conditions, combined with his age of 46, plus his obvious condition of being overweight, mandates careful medical care while incarcerated.

## **CONCLUSION**

For the reasons set forth herein, a sentence of 100 months with supervised release for four years, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| July 31, 2007 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |